# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ELIJAH CAPEHART,**

    **Plaintiff,**

**vs.**                                                          **Case No. 4:20cv461-WS-MAF**

**M. THOMPSON, P.A.,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff has recently initiated this case by submitting a civil rights complaint, ECF No. 1, and an affidavit of indigency, ECF No. 2. Plaintiff's complaint has been reviewed in light of the fact that he is currently incarcerated in the Tomoka Correctional Institution, which is in Daytona Beach, Florida. ECF No. 2 at 6; ECF No. 1 at 2. The only named Defendant is also located at in Tomoka C.I., and the issue raised in this case concerning Plaintiff's medical care necessarily occurred there. Tomoka C.I. is in Volusia County, Florida, ECF No. 2 at 5, and is not within the territorial jurisdiction of this Court. Rather, Tomoka C.I. is within the jurisdiction of the Middle District of Florida.

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1),(2). As this case now stands, it is proceeding in the wrong district. Venue appears to be appropriate in the Middle District of Florida because the Defendants reside there and Plaintiff's claim arose in Brevard County. The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Orlando Division.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). Justice is better served by transferring this case to the appropriate forum

rather than dismissing it. There is no need for a hearing prior to directing transfer.

In light of the foregoing, and pursuant to 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Orlando Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 25, 2020.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**